# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLAUDE GRANT,

    Plaintiff(s),

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

    Defendant(s).

Case No. 2:20-cv-01629-JAD-NJK

**Report and Recommendation**

    Initiating a federal lawsuit creates attendant responsibilities for a plaintiff. Most fundamentally, the plaintiff is required to take the steps necessary to prosecute his case. *See* Fed. R. Civ. P. 41(b). In advancing the case, the plaintiff must also comply with the governing rules and the Court's orders. *See, e.g.*, Fed. R. Civ. P. 16(f)(1)(C); Local Rule IA 11-8. Although a plaintiff proceeding without an attorney is provided some leeway with respect to his filings, *pro se* litigants are still required to comply with these obligations. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

    Despite being filed nearly nine months ago, this case has never gotten off the ground. One of the first actions in a new case is for a plaintiff (*pro se* or otherwise) to initiate a conference with the opposing party and to file a proposed discovery plan. Local Rule 26-1(a). When that had not been done in timely fashion in this case, the Court ordered the parties to file either a joint discovery plan or a status report by February 12, 2021. Docket No. 27.[1] Plaintiff did not comply with that order. *See* Docket No. 30 at 1-2 (representations from Defendants as to the inability to confer with

---

[1] During this time period, there was some uncertainty as to whether Plaintiff was represented by counsel or proceeding *pro se*. *See* Docket Nos. 26, 29, 31. The record was later clarified that Plaintiff is proceeding *pro se*. *See* Docket No. 32.

1

Plaintiff). On March 1, 2021, the Court ordered Plaintiff to "promptly confer with defense counsel regarding the discovery plan" and further ordered that a joint discovery plan had to be filed by March 12, 2021. Docket No. 34. Plaintiff had not contacted defense counsel, *see* Docket No. 36, and no joint discovery plan was filed by that date, *see* Docket No. 35. As a result, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute, violation of the local rules, and violation of the Court's orders. Docket No. 37. Plaintiff responded with a filing addressing the substance of his claims without addressing the violations at issue. *See* Docket No. 38. Given that Plaintiff at least responded, the Court provided a final opportunity to comply with his obligations accompanied by a final round of warnings:

> What is currently before the Court is Plaintiff's failure to comply with the applicable rules and the Court's orders. A party proceeding without an attorney is required to comply with the governing rules and orders. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Violation of these rules and orders may lead to significant ramifications, including potentially the dismissal of a plaintiff's case.
>
> The Court will afford Plaintiff **one final opportunity** to comply with his obligations on this issue. Plaintiff must promptly contact defense counsel to confer regarding a discovery plan. Moreover, a joint discovery plan must be filed by May 3, 2021. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED.**
>
> The Court will otherwise defer resolution of the pending order to show cause so that it can evaluate whether Plaintiff has complied with his obligations as stated above.

Docket No. 39 at 1-2 (emphasis in original). Plaintiff thereafter communicated with defense counsel by telephone, but otherwise declined to approve a joint discovery plan to be filed with the Court. *See* Docket No. 40 at 2. Several additional weeks have passed since the deadline set for the joint discovery plan with no filing of a joint discovery plan and no other activity reflected on the docket. Accordingly, months after it was due, the Court still has not been presented with a joint discovery plan.

Plaintiff's failure to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the

Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has been unable or unwilling to comply with the Court's orders despite the explicit warning that dismissal could result.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: May 25, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).